**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3852-15T3

WILLIAM BLACK, as
Administrator Ad Prosequendum
for the heirs at law of THOMAS
HAMILTON BLACK and as
Administrator of the Estate
of THOMAS HAMILTON BLACK,

    Plaintiff-Appellant,

v.

FRANK MELCHIORRE,

    Defendant,

and

GOVERNOR LIVINGSTON REGIONAL HIGH
SCHOOL, SCOTT MCKINNEY and
MARYANN MCADAM,

    Defendants-Respondents.

_____

Argued January 23, 2018 — Decided June 11, 2018

Before Judges Reisner, Gilson and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No. L-4293-12.

Joseph L. Garrubbo argued the cause for
appellant (Garrubbo & Capece, PC, attorneys;
Joseph L. Garrubbo, on the brief).

Paul Daly argued the cause for respondents (Hardin, Kundla, McKeon & Poletto, PA, attorneys; Mark S. Kundla, of counsel; Paul Daly and Jennifer Suh, on the brief).

PER CURIAM

Plaintiff William Black appeals from a February 3, 2016 order, denying leave to amend his interrogatories to add additional fact witnesses; a February 3, 2016 order granting summary judgment to defendants Berkeley Heights Board of Education (Board),[1] high school principal Scott McKinney, and assistant principal Mary Ann McAdam; and an April 7, 2016 order denying plaintiff's motion for reconsideration.

Plaintiff claimed that his late son's high school failed to properly investigate a teacher who was providing students, including plaintiff's son, with drugs at the teacher's home. Plaintiff contended that his son's death from a drug overdose — which occurred approximately a year after the son's high school graduation — was caused by the school's negligent conduct. The trial court granted summary judgment in favor of the school

---

[1] The complaint mistakenly named a high school in the school district; however, the Board was the proper party defendant.

defendants due to the lack of evidence that the school's negligence was a proximate cause of the son's death.[2]

Plaintiff raises the following issues on this appeal:

> I. THE COURT ERRED IN IMPOSING THE "SINS" OF THE PLAINTIFF'S PREVIOUS ATTORNEY ON THE BLAMELESS PLAINTIFF IN NOT ALLOWING THE LATE AMENDMENT TO ANSWERS TO INTERROGATORIES IN ORDER TO NAME FACT WITNESS[ES] BEAUMONT-BELT, CAPONEGRO, BREANNE AND KATHLEEN BLACK AND KENNETH BURKETT.
>
> II. THE COURT ERRED IN MAKING A DETERMINATION THAT THE TESTIMONY OF JOHN BEAUMONT-BELT AND GREGORY CAPONEGRO RECOUNTING STATEMENTS MADE TO THEM BY THE DECEDENT WOULD NOT BE ADMISSIBLE WITHOUT CONDUCTING A HEARING UNDER [] N.J.R.E. 104.
>
> III. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS BY FAILING TO GIVE THE PLAINTIFF THE BENEFIT OF ALL REASONABLE INFERENCES WHICH COULD BE DRAWN FROM THE AVAILABLE EVIDENCE AND BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT WHICH REQUIRED A JURY DETERMINATION.

Our review of a summary judgment order is de novo, using the Brill[3] standard, the same test employed by the trial court. See Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Accordingly, we determine whether there are material facts in dispute and, if not, whether

---

[2] Plaintiff reached a settlement with the teacher, defendant Frank Melchiorre.

[3] Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

the undisputed facts, viewed most favorably to plaintiff would nonetheless entitle defendants to judgment as a matter of law. See Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014). We review a decision to extend discovery deadlines for abuse of discretion. See Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005). We apply the same standard to a trial judge's decision to grant or deny a reconsideration motion. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).

Because we agree with the trial court that there were no material facts in dispute and the undisputed facts were insufficient to establish proximate cause, we affirm the order granting summary judgment. We find no abuse of the trial court's discretion in denying plaintiff's untimely motion to amend the interrogatories, and in denying plaintiff's reconsideration motion. Accordingly, we affirm the remaining orders as well.

I

The following facts are drawn from the summary judgment record, including defendants' statement of material facts and plaintiff's responses. The record includes the son's testimony at a deposition, taken in connection with unrelated litigation concerning his brother's death.[4] The son also gave sworn

---

[4] The brother died in an alcohol-related car accident when the son was fifteen.

statements to the police, after the teacher was arrested. According to the son's sworn testimony and statement to the police, he had been using marijuana since 2008, when he was fifteen years old. The son smoked marijuana at the teacher's apartment beginning in December 2009, when he was sixteen. The son denied using any other drug, or alcohol, at the teacher's home. He also denied that the teacher supplied any of the students with anything but marijuana and alcohol.

In January 2010, during a contentious disciplinary meeting about his own son, a parent told school officials that a certain teacher was smoking marijuana with students. There is no dispute that the school safety police officer was present during this meeting. A school official contacted the teacher, a well-regarded science educator, who denied the allegation. The school took no further action to investigate the claim.

However, the police conducted an extensive investigation of the teacher, whom they suspected of using drugs with students. The police were unable to find any evidence against him until November 2010, when fortuitously, the teacher had an unexplained absence from work and the school asked the police to visit his house and check on his welfare. During that visit, the police found marijuana and drug paraphernalia. The teacher was arrested, and suspended from his teaching position. There is no evidence

that the son went to the teacher's house or used marijuana with him after the November 2010 arrest.

According to the son's deposition testimony, he stopped smoking marijuana in March 2011. The son graduated from high school in June 2011 and began attending college in Florida the following fall. After his first year of college, the son came home to his father's house in New Jersey.

On June 3, 2012, the son and two friends went to North Plainfield and bought MDMA (also known as ecstasy or "molly"). On June 4, 2012, the son was found unconscious in his bedroom from a drug overdose. He died in the hospital on June 6, 2012. The police found assorted drug-related paraphernalia in his bedroom, including packaging associated with heroin. The cause of death was a morphine-related overdose.

In a lengthy oral opinion issued on February 3, 2016, Judge Camille M. Kenny concluded that the school authorities had a duty to investigate the allegations that the teacher was providing drugs to students. She also reasoned that, viewing the evidence in the light most favorable to plaintiff, a jury could find that the school authorities breached that duty. However, the judge found that the admissible evidence could not establish that the son's use of marijuana at the teacher's home was a proximate cause of the son's death from a morphine-related overdose, eighteen

months after his last visit to the teacher's apartment. The judge found that plaintiff's causation expert relied on witness statements that the judge had already excluded as untimely. She also noted that some of those witness statements contained inadmissible hearsay.[5]

In addition, the judge reasoned that, in light of the extensive and unsuccessful police investigation of the teacher, there was no evidence that, if the Board had conducted its own investigation, the Board "would have found enough [evidence] to do something about it" before the teacher was arrested in November 2010.

## II

After reviewing the summary judgment record de novo, we find no basis to disturb Judge Kenny's well-reasoned decision granting summary judgment. We affirm substantially for the reasons stated in her opinion. The summary judgment evidence could not support a finding that the son's use of marijuana at the teacher's home was a proximate cause of his morphine-related overdose more than a year later.

---

[5] In those statements, the son's former college roommates, Mr. Caponegro and Mr. Beaumont-Belt, said that while the son was in college, he told them that cocaine and other hard drugs were available at the teacher's home. In addition to being hearsay, those statements contradicted the son's earlier sworn testimony that he only saw alcohol and marijuana at the teacher's home.

A-3852-15T3

In addition, we agree that there was no evidence that the school's failure to conduct a more complete investigation was a proximate cause of the son's death.  The teacher's activities were not conducted on school premises or even in the same town as the school, but rather at the teacher's apartment, located in another town.  The police conducted an extensive investigation of the teacher.  The police did not catch the teacher until they made a community caretaking visit to his home in November 2010.  There is no evidence on which to conclude that, if school officials had conducted a separate investigation, they would have discovered evidence of the teacher's misconduct any sooner than the police did.

Nor can we find any abuse of discretion in the judge's decision to bar plaintiff's very belated attempt to amend his interrogatories to add new fact witnesses.  See Bender v. Adelson, 187 N.J. 411, 428-29 (2006); Rivers, 378 N.J. Super. at 80-81.  As plaintiff's counsel conceded at oral argument on the discovery motion, plaintiff's case on causation had a significant gap: there was no evidence linking the son's use of heroin and MDMA in June 2012 with his earlier visits to the teacher's home during high school.  Nor was there evidence of his continuing drug use between March 2011 and June 2012.

A-3852-15T3

After at least seven discovery extensions, and only a few weeks before the scheduled trial date, plaintiff sought to plug that gap by naming additional fact witnesses. Judge Kenny denied the motion, noting that there were no extraordinary circumstances warranting relief from the most recent discovery deadline, which had long since expired, and granting relief would prejudice the defendants. She reasoned that plaintiff should have known about the proposed witnesses, who were his son's friends and family members, and his attorney could have included their names in discovery much earlier. We find no error in that reasoning, and no abuse of discretion in the judge's decision.

In denying plaintiff's reconsideration motion, the judge also noted that some of the proposed witness statements were hearsay. We agree. Portions of the statements — which recounted alleged comments by the son about seeing heroin at the teacher's apartment — constituted hearsay, because plaintiff intended to offer the son's remarks for their truth. See N.J.R.E. 801(c); N.J.R.E. 802. The hearsay was also untrustworthy, and therefore not admissible as the statement of a decedent under N.J.R.E. 804(b)(6), because

the remarks contradicted the son's earlier sworn testimony about what happened at the teacher's home.[6]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] In light of our disposition of this appeal, we need not address defendants' arguments premised on the Drug Dealer Liability Act, N.J.S.A. 2C:35B-1 to -17.

A-3852-15T3